## SAMUEL THOMSON *versus* HOSEA WINCHESTER.

If a druggist prepares a certain kind of medicine and designates it by the name of a superior medicine invented, prepared and sold by the plaintiff, and sells it *as and for the medicine prepared by* the plaintiff, the plaintiff may maintain an action against him, without proof of special damage.

Where certain medicines are designated by the name of the inventor, as a generic term, descriptive of a kind or class, the inventor is not entitled to the exclusive right of compounding or vending them, unless he has obtained a patent therefor; and if another person prepares such medicines of an inferior quality, and sells them, and by this means all medicines of that class are brought into disrepute, such inventor can maintain no action for any loss sustained by him in consequence thereof, unless they are sold as and for medicines prepared by him.

ACTION on the case.  The declaration alleged, that the plaintiff had discovered valuable medicinal properties in various vegetable substances and the best manner of compounding the same for medical purposes, to which substances so compounded, he had given the name of Thomsonian Medicines ; that he used great care and skill in their preparation, by reason of which they had acquired great reputation, and he had made great profit from the sale thereof ; that the defendant, well knowing these facts, had prepared certain substances in the similitude of the medicines prepared by the plaintiff, and had sold the same as and for medicines prepared by the plaintiff himself, and had also sold the same to others, with the intent that they should sell them as and for medicines prepared by the plaintiff ; that the medicines so sold by the defendant were represented by him to be such as the plaintiff made and used, but that, in fact, they were made of other and bad materials, and were debased and adulterated ; and that the plaintiff's reputation in his business, and the reputation of his medicines, were much injured thereby, and that he was prevented from selling large quantities of his medicines, which he would otherwise have sold.

At the trial, before *Morton* J., the plaintiff offered evidence tending to prove, that the defendant had prepared medicines of an inferior quality, and had sold the same as pure Thomsonian medicines, and as and for medicines prepared by the plaintiff himself.

The plaintiff contended, that he was entitled to recover in

.his action without proving any special damage, and that the damage would be implied by law. But the judge ruled otherwise, and instructed the jury, that the plaintiff could not recover, under this declaration, unless he proved that he had sustained actual or specific damage by the loss of the sale of his medicines, or otherwise.

The judge also instructed the jury, that, as the plaintiff did not declare or rely upon any patent, he could not recover upon the ground of having made any of the discoveries, improvements or inventions set forth in his declaration, and that the only mode by which he could secure to himself any exclusive right, as inventor or discoverer, was by obtaining a patent.

The jury returned a verdict for the defendant.

If these rulings and instructions were erroneous, the verdict was to be set aside, and a new trial granted ; otherwise, judgment was to be rendered on the verdict.

*Sprague* and *Peabody*, for the plaintiff, to the point, that if the defendant made simulated and inferior medicines and sold them as and for medicines prepared by the plaintiff himself, he was liable although no special damage were proved, cited 1 Chitty on Pl. 385, 388 ; *Sykes* v. *Sykes*, 5 Dowl. & Ryl. 292 ; *Singleton* v. *Bolton*, 3 Dougl. 293 ; 3 Bl. Comm. 123 ; *Tilk* v. *Parsons*, 2 Carr. & Payne, 201 ; *Ford* v. *Primrose*, 5 Dowl. & Ryl. 287 ; *Ireland* v. *Blackwel*, Cro. Car. 570 ; *Burtch* v. *Nickerson*, 17 Johns. R. 217 ; *Sumner* v. *Utley*, 7 Connect. R. 257 ; *Davies* v. *Jones*, T. Raym. 62 ; 3 Salk. 325 ; *Roworth* v. *Wilkes*, 1 Campb. 94 ; *Beckford* v. *Hood*, 7 T. R. 620 ; Stark. on Slander, 15 *et seq.*, 115 *et seq.* ; *Carrington* v. *Taylor*, 11 East, 571 ; *Keeble* v. *Hickeringill*, 11 East, 574, note ; *Tarleton* v. *Mc Gawley*, Peake's R. 207 ; *Chaddock* v. *Briggs*, 13 Mass. R. 248 ; and to the point, that the plaintiff was entitled to the exclusive right of selling these medicines, although he had obtained no patent therefor, *Sykes* v. *Sykes*, 5 Dowl. & Ryl. 292 ; *Singleton* v. *Bolton*, 3 Dougl. 293.

*Parsons*, *Stearns* and *C. Sumner*, for the defendant, to the first point, cited *Bayly* v. *Merrel*, 3 Bulstr. 95 ; Com. Dig. *Action upon the case for a deceipt*, *A* 1 ; *Pasley* v. *Freeman*, 3 T. R. 51 ; *Pewtress* v. *Austin*, 2 Marshall, 219 ; *Upton* v

*Thomson*
*v.*
*Winchester*

*June* 12*th*.

Thomson
v.
Winchester.

July 1st.

*Vail*, 6 Johns. R. 181 ; 2 Chitty on Pl. (6th Am. ed.) 697, 698 ; *Bloss* v. *Tobey*, 2 Pick. 328 ; and to the second point, Phillips on Patents, 4 ; *Singleton* v. *Bolton*, 3 Dougl. 293.

SHAW C. J.   The Court are of opinion, that if the defendant made and sold medicines, calling them " Thomsonian Medicines," and sold them, or placed them in the hands of others to sell, as and for the medicines made and prepared by the plaintiff, so that persons purchasing the same supposed and believed that they were purchasing the medicines made and prepared by the plaintiff, it was a fraud upon the plaintiff, and an injury to his rights, for which the law will presume some damage.   *Sykes* v. *Sykes*, 3 Barn. & Cressw. 541 ; *S. C.* 5 Dowl. & Ryl. 292.   Such a case, therefore, being proved, the plaintiff will be entitled to recover nominal damage, at least, and something more, if he can make it appear to the satisfaction of a jury, that he has sustained more than nominal damage.

We have reason to believe, that it was so ruled at the trial, and that there was an error in drawing up the report, representing the opinion given upon one point, as in fact given upon another ; but, being bound to take the report as it is, we think the verdict must be set aside and a new trial granted.

The Court are also of opinion, that the rule laid down was correct, that without obtaining a patent, the plaintiff had no exclusive right or privilege to compound or vend the medicines called " Thomsonian," although he was the original inventor, and that he had no more right than the plaintiff to make and vend these medicines, or to call them Thomsonian, if this term had acquired a generic meaning, descriptive of a general kind, quality and class of medicines, as, for instance, James's powders, or Turlington's balsam, and if they were not sold to consumers, or consigned or sold to others, to be sold to consumers, as and for medicines made and prepared by the plaintiff.

If the defendant made and sold medicines, calling them Thomsonian as a generic term designating their general character, but did not offer and sell them, nor consign them to others to sell, as and for medicines made and prepared by the plaintiff, and if he made and compounded such medicines of bad materials, with inadequate skill, by means whereof the credit and

character of all Thomsonian medicines were brought into disrepute, the plaintiff can recover no damage. If he, in fact, suffers loss from that cause, it is *damnum absque injuriâ.* It shows no infringement of any right of the plaintiff. The loss he would sustain is common to him and every other druggist, who may show that the whole craft suffer loss, when the public are imposed on by any one of their number, who, for the sake of gain, may compound medicines of cheap and inferior materials, and thereby bring that species of medicine, or all species of medicine, into disrepute, and deter many persons from taking medicine, and greatly diminish the sale. The right to make and to sell is common to all, if no deceit is practised by one, in falsely assuming the name and credit of another. In such case, if the plaintiff makes a superior article, and desires to secure to himself the benefit arising from the superior character of his medicines, he must take care so to designate and identify them as to save himself and his customers from mistake and imposition.

The consequence is, that imposition, falsehood and fraud on the part of the defendant, in passing off his own medicines as those of the plaintiff, would be a ground of action, but that adulteration of his own medicines, without such imposition and fraud, will afford the plaintiff no cause of action.

*New trial granted.*